

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS

### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable E. S. Foreman
County Auditor
Jefferson County
Beaumont, Texas

Dear Sir:

Opinion No. O-1494
Re: Proper procedure under Article 3912e, Section 6, Item (b), in providing funds for the officers salary fund from the general fund of a county when the moneys deposited in the officers Salary Fund is insufficient to meet their requirements and the general fund has a deficit.

Your request for our opinion on the questions as are herein stated has been received by this Department.

Your letter reads as follows:

"Under Article No. 3912 E, Section 6, Item (b), I find the following:

"' No officer receiving a salary shall hereafter receive any ex officio compensation; provided, however, the Commissioners' Court shall transfer from the General Fund of the county to the Officers' Salary Fund or funds of such county such funds as may be necessary to pay the salaries and other claims chargeable against the same when the monies deposited therein are insufficient to meet the claims payable therefrom.'

"In complying with the above, which states that the Commissioners' Court shall transfer from the General Fund to the Officers Salary

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Fund such amounts as are necessary to meet the requirements of the Officers Salary Fund, what would be the proper procedure when a cash deficit exists in the General Fund and there are no cash funds available to be transferred to the Officers Salary Fund? In other words, when the monies deposited in the Officers Salary Fund from the various sources are insufficient to meet the claims due, would it be permissible to draw a warrant on the General Fund and permit the banks to discount such warrant in order to provide sufficient money in the Officers Salary Fund; or, would it be proper to issue warrants on the Officers Salary Fund and permit the bank to discount them and then take up the Officers Salary warrants when available funds are on hand in the General Fund?

"I might clarify my position in this matter by stating that Jefferson County has been issuing warrants on the General Fund (which has a deficit) and have been paying 4% interest thereon. In view of your opinion No. O-505, rendered to Mr. Fred Norris, County Auditor of Polk County under date of March 19, 1939, which specifically states that a Commissioners' Court can not allow or pay interest on ordinary County warrants or scrip issued for the payment of current expenses, I have instructed the County Treasurer to discontinue issuing interest bearing warrants and I am somewhat puzzled to know what the proper procedure would be in providing funds for the Officers Salary Fund from the General Fund when the monies deposited in the Officers Salary Fund is insufficient to meet their requirements."

As stated in your inquiry, our opinion No. O-505 holds that a county commissioners' court cannot allow or pay interest on ordinary county warrants or scrip issued for the payment of current expenses, and the commissioners' court cannot contract with a party to cash county scrip and agree to pay interest thereon.

Section 4(b) of Article

~~(e) 8~~ of Article 3912e reads as follows:

"No officer receiving a salary shall hereafter receive any ex officio compensation; provided, however, the Commissioners' Court shall

transfer from the General Fund of the county
to the Officers' Salary Fund or funds of such
county such funds as may be necessary to pay
the salaries and other claims chargeable against
the same when the monies deposited therein are
insufficient to meet the claims payable there-
from."

We quote from our opinion No. O-1431, written
by Honorable Dick Stout addressed to Honorable Clint Barham,
County Attorney of Erath County at Stephenville, Texas, as
follows:

"It is our opinion that under the terms of
Article 3912e, Section 6 (b), Vernon's Annotat-
ed Civil Statutes, it is obligatory and manda-
tory upon the commissioners' court of a county
to transfer monies from the General Fund to the
Officers' Salary Fund where there are no monies
in the latter fund with which to pay salaries
of county officers provided, however, that where
there are sufficient outstanding registered
claims against the General Fund of a county to
create a deficiency in that fund, then there may
be no transfer of actual cash from the General
Fund, but only the creation of a new claim against
the General Fund which is subordinate to prior
outstanding registered claims against the General
Fund and is payable in order of its priority."

The provision contained in Section 6 (b) of Arti-
cle 3912e, above quoted, was the transfer of funds from
the General Fund to the Officers' Salary Fund, when the
monies in the latter fund are insufficient to meet the sal-
ary claims against it, is mandatory and in the event of a
deficiency in the Officers' Salary Fund the commissioners'
court has no choice but to effect the transfer from the
General Fund subject, however, to one qualification.

The only limitation upon such a transfer arises
where the monies in the General Fund itself are insufficient
to meet outstanding registered claims against the county.

Article 1625, Revised Civil Statutes, provides
that:

Honorable B. 3. Foreman, Page 4

> "Each county treasurer shall keep a well-bound book in which he shall register all claims against his county in the order of presentation, and if more than one is presented at the same time he shall register them in the order of their date. He shall pay no such claim or any part thereof, nor shall the same, or any part thereof, be received by any officer in payment of any indebtedness to the county, until it has been duly registered in accordance with the provisions of this title. All claims in each class shall be paid in the order in which they are registered."

A transfer from the General Fund to the Officers' Salary Fund cannot be made at the expense of the registered claim holders. Where all the monies in the General Fund are obligated by outstanding or unpaid scrip, a transfer prejudicial to the possessors of scrip cannot be effected. In such a case the result of a transfer from the General Fund to the Officers' Salary Fund would be to create a further indebtedness against the General Fund which would be subordinate to all prior registered claims.

On May 8, 1936, this department rendered an opinion written by Honorable Joe J. Alsup, Assistant Attorney General, addressed to Honorable Hosea L. Edwards, County Attorney, Nacogdoches County, referring to the transfer of money from the General Fund to the Officers' Salary Fund, where the General Fund was deficient, holding that:

> "The practical effect of this is that the General Fund merely goes further in the red . . . All claims against the county must be paid in the order in which they were registered. Thus warrants of the officials do not necessarily hold priority over outstanding unpaid scrip of the General Fund. . . ."

Where a deficiency exists in the General Fund under Article 3912e, Section 6(b), supra, there can be no actual transfer of cash from the General Fund. There can only be created a new claim against the General Fund which must be paid in the order of its priority.

In view of the foregoing authorities, you are respectfully advised that it is the opinion of this department that your questions, above quoted, should be answered

Honorable Z. S. Foreman, Page 5

in the negative, and are so answered.

Trusting that the foregoing fully answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:LM

APPROVED OCT 14, 1939

*Robert E Kepke*

acting ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY AWB
CHAIRMAN